UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Betty C Kimberlin
    Plaintiff(s),

v.

James C Wilson
    Defendant(s).

Civil Action No. 01-2100 (RMU)

FILED

NOV 19 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STANDING ORDER FOR CIVIL CASES[1]
(Judge Urbina)

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE.**

*Notice of this Order.* Counsel for the plaintiff(s) or the plaintiff (if appearing on his/her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

The responsibility for the progress of litigation in the federal courts falls not only on the attorneys in the action, but on the court as well. "[T]o secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, all counsel are **HEREBY ORDERED** to familiarize themselves with the Federal Rules of Civil Procedure, particularly Federal Rules of Civil Procedure 16 and 26, and the Local Rules of the District of Columbia.[2]

It is **FURTHER ORDERED**:

---

[1]    Revised on June 19, 2002.

[2]    The Local Rules are available at http:\\www.dcd.uscourts.gov.

1. **Communications with Chambers**. Counsel shall not contact the court or its chambers by telephone, facsimile, letter, or by any other means, although counsel may contact the Courtroom Deputy Clerk with appropriate scheduling inquiries. If the court or its staff initiates a telephone call, counsel shall then return such call. In an **actual** emergency, however, chambers may be reached by telephone.

2. **No Courtesy Copies for Chambers**. Courtesy copies are **not accepted** by chambers **unless:** (1) the matter is set for **hearing within the next four business days** and the document relates to that hearing, or (2) the document relates to a request for a temporary restraining order. Under such circumstances, the original filing **must be filed** with the clerk's office prior to the related courtesy copy's delivery to chambers. Courtesy copies that do not abide by these standards will not be accepted. If you are submitting a document to chambers that falls under these exceptions, or is not a courtesy copy (i.e. correspondence that would not be filed with the clerk's office), please **indicate this on the envelope**. Messengers delivering courtesy copies will be turned away.

3. **Motions for Extensions of Time**. Motions for Extension of time are **strongly discouraged**. Parties should not expect the court to grant extensions. Counsel seeking an extension of time **must** file a motion and a proposed order including a detailed declaration of the grounds for the extension sought. The court grants such motions only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the court denies the continuance. The court refers the parties to *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996). In addition, such a motion must be filed **at least four (4) business days prior to the deadline the motion is seeking to extend** and must include the following (otherwise it will not be considered by the court):

(1) the number of previous extensions granted to each party;

(2) the specific ground(s) for the motion;

(3) a statement of the effect that the court's granting of the motion will have on all other previously set deadlines;

(4) in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested timeline for the filing of the opposition[3] and reply; and

(5) pursuant to Local Civil Rule 7.1(m), **the moving party shall include a statement of opposing counsel's position** vis-a-vis the motion.

Further, the court prefers parties to **file consent motions rather than stipulations.** Failure to comply with the Local Rules and this Order will result in rejection of the request. Counsel may **not** contact court staff telephonically to inquire into the status of the requested extension.

4. **Service of the Complaint.** The plaintiff(s) shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 **along with a copy of this standing order,** and shall file the proof(s) of service with the court.

5. **Meet and Confer Statement (Local Civil Rule 16.3).** Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3,[4] counsel shall submit their Joint Meet and Confer Statement addressing all topics listed in Local Civil Rule 16.3(c) no later than ten days following that meeting. Counsel are also directed to include in their Joint Meet and Confer Statement a one-page statement of the case and the statutory basis for all causes of action and defenses.

---

[3] The deadline for the opposition should be suggested only after consulting with opposing counsel.

[4] The May 17, 2001 amendment to Local Civil Rule 16.3 sets forth additional categories of proceedings that are exempted from this rule's meet and confer requirements.

6. **Alternative Dispute Resolution**. Counsel are required to comply with Local Civil Rule 16.3(c). In considering what form of alternative dispute resolution the parties think the case is most suited to, counsel are reminded that their options include mediation (either with a private firm or a Magistrate Judge), the court's own mediation program,[5] arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that can be tailored to the needs of their case.

7. **Settlement**. Counsel are expected to evaluate their respective cases for the purpose of settlement. The court encourages the use of alternative dispute resolution (see above). The use of these methods is available at any time, as is a settlement conference before a magistrate judge or the presiding judge. If counsel are interested in pursuing these options, they may contact chambers at any time. If the case settles in whole or in part, plaintiff's counsel shall promptly advise the court.

8. **Removed Actions**. Any answers filed in the Superior Court for the District of Columbia must be refiled in this court as a supplement to the petition. Any pending motions must be renoticed.

9. **Discovery Disputes**. Counsel are referred to Local Civil Rule 26.2 and are expected to fully conform with its directives. Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Civil Rule 7.1(m), to confer in good faith in an effort to resolve any discovery dispute **before** bringing it to the court's attention. **If, in what should be the unusual case, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the court.** Leave of court is required before the filing of

---

[5] For information about using the court's mediation program or about the procedures that apply once a case is referred, or for other information about dispute resolution, contact: The Director of Dispute Resolution, Office of the Circuit Executive, United States Courts for the District of Columbia Circuit, 333 Constitution Avenue, N.W., Room 4826, Washington, D.C. 20001 (Telephone: (202) 216-7350).

a discovery dispute-related motion. **Counsel shall not file a discovery motion without prior consultation with opposing counsel.** Counsel are advised that if the court is called upon to resolve such a motion, the losing **attorney** (not the principal) will be sanctioned pursuant to Federal Rule of Civil Procedure 37(a)(4).

    10.    **Deposition Guidelines**. Counsel will adhere to the following guidelines when taking a deposition:

    (1)    Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like;

    (2)    Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection;

    (3)    Counsel shall refrain from directing the deponent not to answer any question except for reasons which conform to Federal Rule of Civil Procedure 30(d)(1);

    (4)    Counsel shall refrain from engaging in dialogue on the record during the course of the deposition;

    (5)    If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the court for a ruling and remedy. When appropriate, the court will impose sanctions;

    (6)    All counsel are to conduct themselves in a civil, polite, and professional manner. The court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent; and

    (7)    In accordance with an amendment to Federal Rule of Civil Procedure 30(d)(2),

effective December 1, 2000, no deposition may last more than seven hours (exclusive of breaks), except by leave of the court or stipulation of the parties.

11. **Moving a Hearing**. Requests for the rescheduling of hearings are **strongly discouraged** because of the inconvenience they cause to the court. If counsel seeks to move a previously scheduled hearing date, **counsel is directed to submit a written motion that shows good cause and proposes two alternative dates** and time frames that would be convenient for **all** parties to the case, including the court.

12. **Motions Guidelines.** Motions and related submissions must comply with Local Civil Rule 7.1. Motions must be formatted as follows: text font can be no smaller than 12 point, footnote font can be no smaller than 10 point, the court prefers either Times New Roman or Courier font, margins can be no smaller than one inch, and text must be double-spaced. Memoranda of points and authorities in support of and in opposition to motions must not exceed 45 pages, and replies must not exceed 25 pages. Only in rare instances and for good cause shown will the court agree to extend these page limitations.

13. **Citations**. **All citations must include exact page references**, otherwise referred to as "pin" or "jump" cites.

14. **Requirements for Filings**. All filed documents shall be two-hole punched at the center of the top of each page.

15. **Proposed Orders**. Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

16. **Order Setting Scheduling Conference**. Pursuant to Federal Rules of Civil Procedure 16(b) and 26, and the Local Rules, the court will issue an "Initial Scheduling Order" at the initial status hearing in the case. Strict compliance with Federal Rules of Civil Procedure 16(b) and 26 is required.

17. **Motions for Summary Judgment**. The parties shall comply **fully** with Local Civil Rule 7.1(h) (formerly Local Rule 108(h)), otherwise the submission will be stricken. Additionally, each submission must be accompanied by a table of cases and other authority cited therein. The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Rule 7.1(h). In addition, the court hereby invokes Local Civil Rule 56.1, which requires that each motion for summary judgment be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, including references to the relevant parts of the record, and that an opposition to such a motion be accompanied by a statement listing all material facts as to which the opposing party contends there is a genuine issue, including references to the relevant parts of the record. LCvR 56.1; *Burke v. Gould*, 286 F.3d 513, 517-20 (D.C. Cir. 2002).

18. **"Motions for Reconsideration."** So-called "Motions for Reconsideration" of a prior court ruling are strongly discouraged. Such motions shall be filed only when the requirements of Federal Rule of Civil Procedure 59(e) and/or 60(b) are met. If one is filed, it shall not exceed ten pages in length. Moreover, the court will not entertain: (a) motions that simply reassert arguments previously raised and rejected by the court; and (b) arguments that should have been previously raised, but are being raised for the first time in the "Motion for Reconsideration." *E.g., National Trust v. Department of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

**SO ORDERED.**

*/s/ Ricardo M. Urbina*
Ricardo M. Urbina
United States District Judge